

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-1998

# Michaels v. New Jersey

Precedential or Non-Precedential:

Docket 97-5701

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Michaels v. New Jersey" (1998). *1998 Decisions.* Paper 160.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 16, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5701

MARGARET KELLY MICHAELS

v.

STATE OF NEW JERSEY; ATTORNEY GENERAL'S
OFFICE; COUNTY OF ESSEX; ESSEX COUNTY
PROSECUTOR; GEORGE L. SCHNEIDER, ESQ.;
HERBERT TATE, ESQ.; JOHN MASTROANGELO; JOHN
NOONAN; GLENN GOLDBERG, ESQ.; SARAH SPENCER-
MCARDLE; EILEEN C. TREACY, M.A.; THE ESSEX
COUNTY POLICE DEPARTMENT; NEWARK POLICE
DEPARTMENT; DIVISION OF YOUTH AND FAMILY
SERVICES; LOUIS FONNELARAS; SUSAN ESQUILLAN;
"JOHN DOES", 1 THROUGH 20 (FICTITIOUS PERSONS);
"JOSEPH DOES", 1 THROUGH 20 (FICTITIOUS
PERSONS); "JAMES DOES"; "JANE DOES", 1 THROUGH
20 (FICTITIOUS PERSONS); "HARRY DOES", 1 THROUGH
20 (FICTITIOUS PERSONS)

COUNTY OF ESSEX,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 96-3557)

Argued on: June 23, 1998

Before: GREENBERG, ALITO, and McKEE, Circuit Judges

(Opinion Filed: July 16, 1998)

CATHERINE E. TAMASIK (Argued)
Essex County Counsel
Hall of Records, Room 530
465 Dr. Martin Luther King
 Boulevard
Newark, New Jersey 07102

Attorney for Appellant

JEFFREY MILLER (Argued)
Mary C. Jacobson
Assistant Attorneys General of
 Counsel
Peter Verniero
Attorney General of New Jersey
R.J. Hughes Justice Complex
CN 116
Trenton, New Jersey 085625

Attorney for Appellee

OPINION OF THE COURT

ALITO, Circuit Judge:

Essex County appeals the decision of the district court
holding that the State of New Jersey is not obligated under
N.J.S.A. S 59:10-1 to indemnify or defend the officers and
employees of the Essex County Prosecutor's Office who
were sued in this case for actions that they took in carrying
out their law enforcement responsibilities. The district court
held that the State's obligation to indemnify and defend is
limited to those traditionally considered "State employees,"
as defined by N.J.S.A. S 59:10-1 and N.J.S.A. S 59:10A-1.
See Michaels v. State of New Jersey, 968 F. Supp. 230, 238
(D.N.J. 1997).

On appeal, the County of Essex contends that under
Coleman v. Kaye, 87 F.3d 1491 (3d Cir. 1996), cert. denied,
117 S. Ct. 754 (1997), Cashen v. Spann, 334 A.2d 8 (N.J.
1975), cert. denied, 423 U.S. 829 (1975), and other state
cases, the Prosecutor's Office defendants functioned as
agents of the State when they engaged in the actions that

2

provide the basis for plaintiff Michaels's suit and that the State is therefore vicariously liable under N.J.S.A. S 59:2-2(a). Although the County's argument is certainly reasonable, we agree with the district court that Coleman and Cashen are not controlling because they dealt with the issue of vicarious liability rather than indemnification and the provision of a defense, which are governed by a separate state statute. See 968 F. Supp. at 236. For substantially the reasons set out in the district court's opinion, we predict that the Supreme Court of New Jersey would hold that under N.J.S.A. S 59:10A-1 the State is required to provide indemnification and a defense for only "those persons `generally' and `traditionally' considered the State's employees." 968 F. Supp. at 237.

The question presented by this appeal -- involving the interpretation of state statutes governing the allocation of certain financial responsibilities between the State and one of its subdivisions -- is one that seems to us to be particularly inappropriate for resolution by a federal court. Members of our court have previously expressed the view that it would be beneficial if New Jersey adopted a certification statute so that questions of this nature could be certified to the state supreme court. See Hakimoglu v. Trump Taj Majal Assocs., 70 F.3d 291, 293 n.2 (3d Cir. 1995); id. at 302-04 (Becker, J., dissenting). As Professor Bradford R. Clark of George Washington University Law School has noted, when state law is unclear, efforts by federal courts to "predict" how a state's highest court would rule "raise judicial federalism concerns." Bradford R. Clark, Ascertaining the Laws of the Several States: Positivism and Judicial Federalism After Erie, 145 U. Pa. L. Rev. 1459, 1564 (1997). As long as diversity jurisdiction is retained, certification provides the best way to alleviate these problems. See id. at 1549-56. However, because New Jersey does not permit certification, we have no choice but to "predict" how the state supreme court would decide the question before us, and as we have explained, our best prediction is that the state supreme court would agree with the decision of the district court.

For these reasons, we affirm the decision of the district court.

3

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit