150 F.3d 257
 Margaret Kelly MICHAELS,
v.
STATE OF NEW JERSEY; Attorney General's Office; County of Essex; Essex County Prosecutor; George L. Schneider, Esq.; Herbert Tate, Esq.; John Mastroangelo; John Noonan; Glenn Goldberg, Esq.; Sarah Spencer-McArdle; Eileen C. Treacy, M.A.; The Essex County Police Department; Newark Police Department; Division of Youth and Family Services; Louis Fonnelaras; Susan Esquillan; "John Does", 1 Through 20 (Fictitious Persons); "Joseph Does", 1 through 20 (Fictitious Persons);
"James Does"; "Jane Does", 1 through 20 (Fictitious Persons); "Harry Does",
1 through 20 (Fictitious Persons),
County of Essex, Appellant.
 No. 97-5701.
 United States Court of Appeals,
Third Circuit.
 Argued June 23, 1998.
Decided July 16, 1998.
 
 Catherine E. Tamasik (Argued), Essex County Counsel, Newark, New Jersey, for Appellant.
 Jeffrey Miller (Argued), Mary C. Jacobson, Assistant Attorneys General of Counsel, Peter Verniero, Attorney General of New Jersey, Trenton, New Jersey, for Appellee.
 Before: GREENBERG, ALITO, and McKEE, Circuit Judges.
 ALITO, Circuit Judge:
 
 
 1
 Essex County appeals the decision of the district court holding that the State of New Jersey is not obligated under N.J.S.A. § 59:10-1 to indemnify or defend the officers and employees of the Essex County Prosecutor's Office who were sued in this case for actions that they took in carrying out their law enforcement responsibilities. The district court held that the State's obligation to indemnify and defend is limited to those traditionally considered "State employees," as defined by N.J.S.A. § 59:10-1 and N.J.S.A. § 59:10A-1. See Michaels v. State of New Jersey, 968 F.Supp. 230, 238 (D.N.J.1997).
 
 
 2
 On appeal, the County of Essex contends that under Coleman v. Kaye, 87 F.3d 1491 (3d Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 754, 136 L.Ed.2d 691 (1997), Cashen v. Spann, 66 N.J. 541, 334 A.2d 8 (1975), cert. denied, 423 U.S. 829, 96 S.Ct. 48, 46 L.Ed.2d 46 (1975), and other state cases, the Prosecutor's Office defendants functioned as agents of the State when they engaged in the actions that provide the basis for plaintiff Michaels's suit and that the State is therefore vicariously liable under N.J.S.A. § 59:2-2(a). Although the County's argument is certainly reasonable, we agree with the district court that Coleman and Cashen are not controlling because they dealt with the issue of vicarious liability rather than indemnification and the provision of a defense, which are governed by a separate state statute. See 968 F.Supp. at 236. For substantially the reasons set out in the district court's opinion, we predict that the Supreme Court of New Jersey would hold that under N.J.S.A. § 59:10A-1 the State is required to provide indemnification and a defense for only "those persons 'generally' and 'traditionally' considered the State's employees." 968 F.Supp. at 237.
 
 
 3
 The question presented by this appeal--involving the interpretation of state statutes governing the allocation of certain financial responsibilities between the State and one of its subdivisions--is one that seems to us to be particularly inappropriate for resolution by a federal court. Members of our court have previously expressed the view that it would be beneficial if New Jersey adopted a certification statute so that questions of this nature could be certified to the state supreme court. See Hakimoglu v. Trump Taj Mahal Assocs., 70 F.3d 291, 293 n. 2 (3d Cir.1995); id. at 302-04 (Becker, J., dissenting). As Professor Bradford R. Clark of George Washington University Law School has noted, when state law is unclear, efforts by federal courts to "predict" how a state's highest court would rule "raise judicial federalism concerns." Bradford R. Clark, Ascertaining the Laws of the Several States: Positivism and Judicial Federalism After Erie, 145 U. Pa. L.Rev. 1459, 1564 (1997). As long as diversity jurisdiction is retained, certification provides the best way to alleviate these problems. See id. at 1549-56. However, because New Jersey does not permit certification, we have no choice but to "predict" how the state supreme court would decide the question before us, and as we have explained, our best prediction is that the state supreme court would agree with the decision of the district court.
 
 
 4
 For these reasons, we affirm the decision of the district court.