740 A.2d 648 (1999)
326 N.J. Super. 32
Peter DeLISA, Plaintiff-Appellant,
v.
COUNTY OF BERGEN, Office of the Prosecutor, Charles Buckley, Acting Prosecutor for Bergen County, James Tobin, Richard Muti, Frank Cilento and Alan Grieco, Defendants-Respondents/Cross-Appellants,
and
County of Bergen, Defendant-Respondent/Third-Party Plaintiff/Cross-Appellant,
v.
State of New Jersey, Third-Party Defendant/Cross-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1999.
Decided November 5, 1999.
*649 Kevin M. Kiernan, Montclair, for plaintiff-appellant Peter DeLisa (McDonough, Kiernan & Campbell, Mr. Kiernan, on the brief).
Edward N. Fitzpatrick, Teaneck, for defendants-respondents/cross-appellants (DeCotiss, Fitzpatrick & Gluck, attorneys; Mr. Fitzpatrick and J.S. Lee Cohen, of counsel; Mr. Cohen and Peter A. Tucci, Jr., on the brief).
Barbara H. Parker, Assistant Bergen County Counsel, for defendant-respondent/cross-appellant/third-party plaintiff (Murshall J. Bland, County Counsel, attorney; Ms. Parker, on the brief).
Jeffrey J. Miller, Assistant Attorney General, for respondent/cross-respondent/third-party defendant State of New Jersey (John J. Farmer, Jr., Attorney General, attorney; Mr. Miller, of counsel; Steven J. Zweig, Deputy Attorney General, on the brief).
Before Judges STERN, KESTIN and WEFING.
The opinion of the court was delivered by STERN, P.J.A.D.
Plaintiff appeals from the dismissal of his complaint alleging a retaliatory discharge in violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8. The dismissal was granted because plaintiff alleged retaliation for his report about co-employee, not employer, misconduct. Defendant County of Bergen and the individual defendants cross-appeal from the judge's rejection of other grounds as a basis for dismissal of the complaint. The County also appeals from the denial of its motion for summary judgment on its third-party complaint against the State for the costs of defense and indemnification and the granting of the State's cross-motion to dismiss the third-party action.[1]

I.
Plaintiff contends that his claim under CEPA was improperly dismissed because he was discharged by Acting Prosecutor Charles Buckley for cooperating in the criminal investigation conducted by former Prosecutor John Fahy regarding alleged misconduct of two co-employees in the investigative unit of the Bergen County *650 Prosecutor's Office. At all relevant times, N.J.S.A. 34:19-3 provided:[2]
An employer shall not take any retaliatory action against an employee because the employee does any of the following:
a. Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer... that the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law;
b. Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer...; or
c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:
(1) is in violation of a law, or a rule or regulation promulgated pursuant to law;
(2) is fraudulent or criminal; or
(3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

(Emphasis added.)
It is clear from reading the complaint and motion papers that plaintiff alleges he supplied "truthful" information about his co-employees after their arrest on theft charges at the direction of Fahy and plaintiff's then superiors. In the words of plaintiff's brief, "[h]e engaged in a protected activity when he gave a statement concerning illegal activity to an investigative body." It is not contested, therefore, that plaintiff's complaint alleged retaliatory action under subsection (b) of the statute.[3] The motion judge found "no evidence of ratification, condonation of vicarious liability [for the co-employee's conduct] for which the employer would otherwise be responsible under CEPA." He therefore dismissed the complaint in light of Higgins v. Pascack Valley, 307 N.J.Super. 277, 704 A.2d 988 (App.Div.1998), which held that CEPA did not provide a remedy for retaliation based on complaints relating to the conduct of a co-employee, as opposed to an employer. However, our opinion in Higgins was reversed by the Supreme Court after summary judgment was granted in this case.
In Higgins v. Pascack Valley Hospital, 158 N.J. 404, 730 A.2d 327 (1999), the "primary issue" was "whether the CEPA imposes liability on an employer for retaliating against a complaining employee when the employer was not complicit in the conduct of co-employees about which the employee complained." Id. at 409, 730 A.2d 327. The Court held "that the CEPA protects an employee who, with a reasonable basis, complains to his or her employer about the misconduct of co-employees, even in the absence of employer complicity in the misconduct." Id. at 410, 730 A.2d 327. The Court explained that "CEPA establishes a statutory exception to the general rule that an employer may terminate an at-will employee with or without cause" and "codified the common-law cause of action ... which protects at-will employees who have been discharged in violation of a clear mandate of public policy." Id. at 417-18, 730 A.2d 327. In determining that "CEPA's protection extends to an employee's complaints about... a co-employee," the Court interpreted the statute "to determine the Legislature's intent." Id. at 418, 730 A.2d 327. Significantly, the Court indicated:
A plain reading of the statute suggests that the CEPA covers employees who object to the conduct of co-workers. The term "any" in subsection "c" indicates that the statute applies regardless *651 of the source of the activity, policy or practice. Although subsections "a" and "b" limit the statute's application to policies, practice and activities "of" or "by" "the employer," subsection "c" contains no such limitation. The omission of the phrase "of the employer" in subsection "c" is too obvious to ignore.... When "the Legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded." G.E. Solid State Inc. v. Director, Division of Taxation, 132 N.J. 298, 307-08, 625 A.2d 468 (1993).

[Id. at 419, 730 A.2d327.]
The Court further noted that a review of the legislative history also revealed that as "remedial legislation, the statute `should be construed liberally to effectuate its important social goal,'" id. at 420, 730 A.2d 327, and concluded that CEPA applied to employees who complained about their co-employees as well as their employer, id. at 424, 730 A.2d 327. The Higgins Court, therefore, reversed our holding which had been premised on CEPA liability "only if the conduct about which the employee complained could be imputed to the employer." Ibid. It held "that the CEPA prohibits an employer from taking retaliatory action against an employee who has a reasonable basis for objecting to a co-employee's activity, policy or practice covered by N.J.S.A. 34:19-3."[4]Ibid.
As a result of the Supreme Court's decision in Higgins, plaintiff argues that the Law Division was incorrect to dismiss this case on the basis that there was no claim of employer misconduct or that the prosecutor condoned or was involved in the co-employees' misconduct. We disagree.
Much of the Supreme Court's discussion in Higgins is supportive of plaintiff's argument, and the opinion does not indicate that it is limited to any particular subsection or subsections of the Act. However, from the jury instructions given it is apparent that Higgins "alleged that she was retaliated against because she objected to or refused to participate in an activity, policy or practice which plaintiff ... reasonably believed was a past, present or potential continuing violation of the law, rule, or a regulation promulgated pursuant to a law; fraudulent or criminal; or, incompatible with a clear mandate of public policy concerning the health, safety or welfare [] of the public," as proscribed by subsection (c) of N.J.S.A. 34:19-3. See Higgins, supra, 158 N.J. at 416, 730 A.2d 327. See also Higgins, supra, 307 N.J.Super. at 297-300, 704 A.2d 988.
As already noted, plaintiff's claim from the outset has been premised exclusively on a violation of subsection (b), a fact not disputed at argument before us. Plaintiff makes no allegation that the retaliation was based on his objection or refusal to participate in any activity, policy or practice, as required by subsection (c). As a result, this case cannot be said to involve retaliation for any conduct which is prohibited by that subsection.
We do not read the Supreme Court in Higgins to have held that in a case premised exclusively under subsection (b) the action can be based upon retaliation for providing information merely about co-employee conduct that does not involve misconduct by the employer. The significance which the Supreme Court attached to the absence of the words "by the employer" in subsection (c), in support *652 of its holding that employer action was not required in a CEPA case, does not mean that the express language relating exclusively to the employer conduct in subsection (b) has no meaning. To the contrary, we believe that in an action based exclusively on subsection (b), the providing of information or testimony to an investigative body must relate to a violation of law "by the employer." As the Supreme Court said in Higgins, "[i]f the statutory language is clear, that language ordinarily governs." Id. at 418, 730 A.2d 327. See Board of Chosen Freeholders of Morris County v. State, 159 N.J. 565, 576, 732 A.2d 1053 (1999). Inclusion of the limitation with respect to conduct "by the employer" in subsection (b) has as much significance with respect to an allegation under that subsection as its absence has with respect to conduct alleged to violate subsection (c) or the CEPA Act as a whole.

II.
Our affirmance of the dismissal of plaintiff's complaint does not moot the County's appeal from the dismissal of its third-party complaint. The County seeks the costs of retaining counsel to represent Buckley and the individual defendants who worked in the Prosecutor's Office while he was Acting Prosecutor.[5] The County's argument is premised on the State's liability for the conduct of the County Prosecutor as chief law enforcement officer of the County and, independently, because Buckley was a full-time deputy attorney general assigned to run the Bergen County Prosecutor's Office as Acting Prosecutor. The State counters that the County is liable for the conduct of the County Prosecutor, particularly with respect to actions taken in administering the Office of County Prosecutor, and that pursuant to the Criminal Justice Act of 1970, N.J.S.A. 52:17B-97 et seq., the County is liable for all expenses incident to the Acting Prosecutor's operation of the office. See N.J.S.A. 52:17B-108.
Buckley was serving two masters in these circumstances, both of which are public entities. He was a deputy attorney general assigned to be Acting Prosecutor of Bergen County, and he was the person performing the role of the County Prosecutor under the Criminal Justice Act of 1970. A County Prosecutor is "a State officer," Dunne v. Fireman's Fund Am. Ins. Co., 69 N.J. 244, 248, 353 A.2d 508 (1976), and under our case law, the State may be obligated to defend and pay for actionable civil wrongdoing by the County Prosecutor while acting as a law enforcement officer. See, e.g., Cashen v. Spann, 125 N.J.Super. 386, 403-05, 311 A.2d 192 (App.Div.1973), aff'd, 66 N.J. 541, 552, 334 A.2d 8 (1975). But see Dunne, supra, 69 N.J. at 250, 353 A.2d 508; Michaels v. New Jersey, 968 F.Supp. 230, 234-36 (D.N.J.1997), aff'd, 150 F.3d 257 (3d Cir. 1998); Coleman v. Kaye, 87 F.3d 1491, 1501 (3d Cir.1996). But the County is responsible for defending and funding any damages awarded for his or her wrongdoing as an administrator, including his or her conduct with respect to personnel decisions. See, e.g., Coleman v. Kaye, supra, 87 F. 3d at 1492. See also Dunne, supra, 69 N.J. at 248-51, 353 A.2d 508 (finding that County's insurer has obligation to defend action based on negligent preparation of search warrant); Michaels, supra (County not entitled to defense and indemnification for conduct of County Prosecutor and employees of his office in § 1983 action). Thus, in these circumstances where a deputy attorney general was performing a dual function for the benefit of two governmental entities, the County cannot obtain reimbursement for the costs of defending a claim related to his administrative conduct. We so hold, given the *653 action was based upon a personnel decision of the Acting County Prosecutor, especially where the record reflects no endeavor by the County to have the State provide representation or consent to retention of outside counsel, as opposed to a salaried Assistant County Counsel, under a "reservation of rights" approach. See Chasin v. Montclair State University, 159 N.J. 418, 433-36, 732 A.2d 457 (1999) (no right to defense or indemnification by State where State employee disregarded advice of Attorney General; "[i]n cases where a defense is provided, the [Tort Claims Act] expressly grants the Attorney General `exclusive control' of the representation and requires the employee to `cooperate fully with the Attorney General's defense.'" Id. at 433, 732 A.2d 457 (citing to N.J.S.A. 59:10A-4)). Cf. SL Industries, Inc. v. American Motorists Ins. Co., 128 N.J. 188, 200, 607 A.2d 1266 (1992) (recognizing that "the insured cannot demand reimbursement from the insurer for defense costs the insurer had no opportunity to control").
Accordingly, we affirm the grant of summary judgment to the State on the costs of defense. Our affirmance of the dismissal of plaintiff's complaint moots our need to consider the issue of indemnification. We note only that our affirmance of the order dismissing the County's claim for the cost of defending the action through the grant of summary judgment would not be dispositive of the indemnification issue. See Dunne, supra, 69 N.J. at 252, 353 A.2d 508.

III.
The judgment is in all respects affirmed.
NOTES
[1] The briefs refer to the County's cross-claim against the State, but the complaint embodies no direct claim against the State. The record contains a third-party complaint by the County against the State. The difference in pleadings is immaterial to our opinion.
[2] The statute was subsequently amended by L.1997, c. 98, § 2.
[3] There is no dispute that the information about the alleged misconduct had already been "disclosed" to plaintiff's supervisors in the Bergen County Prosecutor's Office, the relevant investigatory public body. The terms "employer," "employee," "public body" and "supervisor" are defined in N.J.S.A. 34:19-2.
[4] The Court also made clear, however, that CEPA "does not insulate the complaining employee from discharge or other disciplinary action for reasons unrelated to the [CEPA] complaint." Higgins, supra, 158 N.J. at 424, 730 A.2d 327. Defendants insist that there was a basis for a discharge in this case unrelated to any complaint by plaintiff with respect to the conduct of co-employees. While we are inclined to agree, and believe the grounds cited by the prosecutor cannot be considered as a mere pretext, in light of our holding we do not have to explore that question at length, and dismiss the cross-appeal. Nor do we comment on whether a cross-appeal is appropriate to defend the grant of summary judgment on other or different grounds.
[5] The other individual defendants worked in the Bergen County Prosecutor's Office before Buckley was designated Acting Prosecutor and were, in any event, County employees. See, e.g., Dunne v. Fireman's Fund Am. Ins. Co., 69 N.J. 244, 251, 353 A.2d 508 (1976); N.J.S.A. 52:17B-108.