743 A.2d 365 (2000)
327 N.J. Super. 349
STATE of New Jersey, Plaintiff-Respondent,
v.
Ronald E. STATEN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 8, 1999.[1]
Decided January 19, 2000.
*366 Ivelisse Torres, Public Defender, for defendant-appellant (Alison Perrone, Assistant Deputy Public Defender, of counsel and on the brief).
John J. Farmer, Jr., Attorney General, for plaintiff-respondent (Robert E. Bonpietro, Deputy Attorney General, of counsel and on the brief).
Before Judges STERN and STEINBERG.
The opinion of the court is delivered by STEINBERG, J.A.D.
Defendant, Ronald E. Staten, appeals that portion of his sentence requiring him to serve eighty-five percent of the base term based upon a conclusion that the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, applies to the offense to which he entered a plea of guilty. We affirm.
Middlesex County Indictment No. 98-9-1210 charged defendant with first-degree attempted murder, N.J.S.A. 2C:11-3(a)(1) (count one); first-degree robbery, N.J.S.A. 2C:15-1 (count two); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count three); and fourth-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count four).
Pursuant to a plea agreement, defendant entered a guilty plea to second-degree aggravated assault. In exchange for defendant's guilty plea, the State agreed to dismiss the remaining counts of the indictment and to recommend that defendant be sentenced to a seven-year custodial term. The "plea form", which was signed by defendant, his attorney, and the assistant prosecutor, provided that the State would argue that NERA applied, and further provided that if NERA applied, defendant would serve at least 71.4 months prior to release. During the plea colloquy, the judge expressed her understanding to defendant that defendant's attorney would argue at sentence that NERA did not apply. However, the judge further advised defendant that, in her opinion, the sentencing judge probably would conclude that NERA applied. The factual basis for the plea was supplied by defendant in response to several leading questions from his attorney. Defendant said that he was involved in a fight with the victim and "beat him up", breaking his nose. As the victim fell to the ground, defendant said someone else hit the victim with a baseball bat. At that point, the following colloquy ensued:
Defense Counsel: And you did nothing while that happened?
Defendant: No.
Defense Counsel: You didn't call the police or help him?
Defendant: No, I just walked away.
Defense Counsel: So you didn't hurt Mr. Rodriguez?
Defendant: No.
Defense Counsel: But you know you hurt Mr. Rodriguez. You don't contest that you caused serious bodily injury on Mr. Rodriguez by breaking his nose and put him in that situation with the bat.
Defendant: Yes.
The prosecutor was not satisfied that defendant acknowledged causing serious bodily injury. A further discussion ensued but defendant maintained that someone else hit the victim with the bat. Finally, the prosecutor stated "[i]f counsel will stipulate on the record that that satisfies the serious bodily injury requirement, I'll accept this factual basis. Otherwise I won't because it's not consistent with the discovery in my case. I have a witness, I have a witness who said that this defendant struck the victim with the baseball bat." Defense counsel stated that she does not dispute the fact that the victim suffered *367 serious bodily injury. The following colloquy then ensued:
Defense Counsel: And you know by breaking his nose and by the situation you left him in, you made him vulnerable to this other person.
Defendant: Yes.
* * * *
Assistant Prosecutor: I'm not interested if he left the other person vulnerable. I want to know if Ms. Woliver acknowledges that this is serious bodily injury. If that's the case, I'll accept the factual basis because I believe it's serious bodily injury.
The Court: I know nothing of the condition of the victim or what the ultimate injuries were or how long the victim was in the hospital or anything of that nature.
Defense Counsel: And, your Honor, I think it also satisfies the circumstances manifesting extreme indifference to human life in that he left him with the man that was beating him with the baseball bat.
Assistant Prosecutor: Well, that's irrelevant to the eight-five percent rule.
The Court: Yes, that's irrelevant, but the defendant either purposely or knowingly or recklessly, under circumstances manifesting extreme indifference to the value of human life, caused serious bodily injury. Serious bodily injury is defined as bodily injury which creates a serious -
Defense Counsel: Yes.
The Court:--- Risk of death or permanent disfigurement or protracted impairment of any function, bodily member or organ.
Defense Counsel: Well, we certainly don't dispute that.
The Court: The defendant is pleading guilty to that?
Defense Counsel: Yes.
The Court: And either causing it either recklessly, purposely or knowingly.
Defense Counsel: Yes, we don't dispute that.
Defendant: No.
The prosecutor then advised the judge that he was satisfied with the factual basis, and the judge accepted the guilty plea after again indicating to defendant that it was her understanding that he was pleading guilty because he did cause serious bodily injury to the victim. Defendant again acknowledged causing serious bodily injury.
At sentencing, the prosecutor asked the judge to conclude that a broken nose is, in fact, serious bodily injury. The prosecutor also asked the judge to consider the presentence report which indicated that defendant admitted to relatives that he had caused the injuries to the victim with the bat. Moreover, the bat was taken from an apartment where defendant's mother resided. Specifically, the bat was taken from defendant's bedroom. Accordingly, the prosecutor asked the judge to consider all the injuries suffered by the victim, including those that were caused by the bat.
In concluding that NERA applied, the judge noted that the victim had incurred medical bills in the approximate amount of $124,000 and noted that "$124,000 worth of treatment is serious bodily injury". He then stated that defendant admitted to breaking the victim's nose and, "under ... any interpretation of serious bodily injury breaking of someone's nose is serious bodily injury". He therefore concluded that NERA applied.
On this appeal, defendant raises the following arguments:
POINT I THE STATE FAILED TO PROVE THAT DEFENDANT CAUSED SERIOUS BODILY INJURY AND THEREFORE FAILED TO PROVE THAT DEFENDANT WAS SUBJECT TO AN ENHANCED SENTENCE UNDER THE NO EARLY RELEASE *368 ACT. (Partially Raised Below).
A. Because The No Early Release Act Does Not Apply To Attempt Crimes, Defendant Would Only Be Subject To Sentencing Under The Act If He Actually Caused, Rather Than Attempted to Cause, Serious Bodily Injury.
B. A Broken Nose Does Not Constitute Serious Bodily Injury, And Thus, Defendant Is Not Subject To Sentencing Under The No Early Release Act.

A
We first consider defendant's contention that NERA does not apply to an attempt to commit a predicate offense. The statute clearly and unambiguously applies only to violent crimes in which the actor actually causes death or serious bodily injury, or uses or threatens the immediate use of a deadly weapon. Therefore, an attempt to cause death or serious bodily injury, without causing either, and without the use or threatened use of a deadly weapon, does not meet the statutory definition of violent crime and thus is insufficient to subject a defendant to a NERA sentence.
In other instances, the Legislature has clearly and unambiguously expressed its intent that a statute applies to the commission of an offense, or an attempt to commit the offense. For example, an actor is guilty of felony murder if her or she is engaged in the commission of, or an attempt to commit a predicate offense. N.J.S.A. 2C:11-3(a)(3). In addition, a sexual assault is elevated to an aggravated sexual assault if the actor commits an act of sexual penetration with another person and the act is committed during the commission, or attempted commission, of a predicate offense. N.J.S.A. 2C:14-2(3). In defining the crimes of robbery and burglary, the Legislature has provided that an act shall be deemed to be in the course of committing the offense if it occurs in "an attempt to commit" the offense or "in immediate flight after the attempt or commission." N.J.S.A. 2C:15-1 and N.J.S.A. 2C:18-2. In addition, a second-degree robbery is elevated to a first-degree robbery "if in the course of committing the theft the actor .... purposely inflicts or attempts to inflict serious bodily injury". Finally, the Graves Act specifically provides that persons who are in possession of a firearm "while in the course of committing or attempting to commit" a predicate offense are subject to its enhanced mandatory sentencing provisions. These examples demonstrate that the Legislature has specifically provided for the applicability of the statute to attempts when it intended to do so. Where the Legislature has carefully employed a term in one place yet excluded it in another, it should not be implied where excluded. Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 234, 708 A.2d 401 (1998); GE Solid State v. Director, Div. of Taxation, 132 N.J. 298, 308, 625 A.2d 468 (1993), DeLisa v. County of Bergen, 326 N.J.Super. 32, 36-39, 740 A.2d 648 (App.Div.1999). The failure to include the word "attempt" is strongly indicative of the Legislature's intention that NERA does not apply to a mere attempt, without more, to cause serious bodily injury. In addition, this interpretation is consistent with the principle that penal statutes are to be strictly construed. State v. Galloway, 133 N.J. 631, 658-59, 628 A.2d 735 (1993).
We expressly limit our discussion on this issue to the facts of this case. As the State correctly points out, there may be some instances in which a person is convicted of an attempt, yet still be subject to NERA. For example, a person who is convicted of an attempted murder in which serious bodily injury is caused or in which a deadly weapon is used or threatened to be used would, in all likelihood, still be subjected to NERA even though the aggravated assault may merge into the attempted murder. We leave that determination, and the determination of other *369 instances where NERA may apply to one convicted of an attempt, to another day where it is before us in an actual case. We merely indicate today that a mere attempt to cause serious bodily injury, without more, does not subject a first-or second-degree offender to NERA. The State so concedes. While a defendant may be guilty of aggravated assault if he or she attempts to cause serious bodily injury to another, N.J.S.A. 2C:12-1(b)(1), we note that defendant's guilty plea was neither offered nor accepted under that theory. He agreed that he did, in fact, cause serious bodily injury to the victim.

B
We next consider defendant's contention that the State failed to prove that defendant caused serious bodily injury and, therefore, failed to prove that defendant was subject to an enhanced sentence under NERA. Based upon that contention, defendant asks, in his appellate brief, that we conclude that NERA does not apply or, in the alternative, that we remand for resentencing and "give defendant the option, in accordance with State v. Kovack 91 N.J. 476, 453 A.2d 521 (1982), of either withdrawing his motion to be resentenced, renegotiating the plea agreement, or withdrawing his guilty plea subject to reinstatement of the dismissed counts of the indictment". This request is confusing because the record furnished us on appeal does not contain a "motion to be resentenced", and is inconsistent with defendant's arguments found elsewhere in his brief which are premised upon his express desire to "not challenge the validity of his guilty plea" and to limit his argument on appeal "to contesting the applicability of [NERA]".
NERA requires a judge who imposes a sentence of incarceration for a crime of the first- or second-degree to also set a minimum term of eighty-five percent of the sentence during which defendant shall not be eligible for parole, if the crime is a "violent crime". N.J.S.A. 2C:43-7.2(a). A "violent crime" is defined as:
Any crime in which the actor causes death, causes serious bodily injury as defined in subsection b of N.J.S. 2C:11-1, or uses or threatens the immediate use of a deadly weapon. "Violent crime" also includes any aggravated sexual assault or sexual assault in which the actor uses, or threatens the immediate use of, physical force.

[N.J.S.A. 2c:43-7.2(d).]
During the plea colloquy the State agreed, for purposes of NERA, to accept defendant's stipulation that a broken nose constituted serious bodily injury. The sentencing judge also concluded that a broken nose constituted serious bodily injury, particularly where, as here, the victim incurred medical expenses of approximately $125,000. As previous discussed, it is not clear from the proceedings whether those medical expenses were all related to the broken nose. We suspect that they were not.
NERA contemplates a hearing before imposition of a NERA sentence. N.J.S.A. 2C:43-7.2(e) specifically provides that "[a] court shall not impose sentence pursuant to this section unless the ground therefor has been established at a hearing after the conviction of the defendant and on written notice to him of the ground proposed". The statute further grants defendant the right to "hear and controvert the evidence against him and to offer evidence upon the issue". We are unable to discern from the record presented to us that written notice, as required by N.J.S.A. 2C:43-7.2(e), was provided defendant. The appendices supplied by the parties do not contain the required notice. Moreover, the sentencing proceedings were conducted informally with the State urging why it felt the Act should apply, and defendant arguing why it should not apply. Contrary to the position taken by the assistant prosecutor during the plea proceedings, the State asked that the judge go beyond defendant's admission of causing serious bodily injury *370 and also consider the contents of the presentence report. The judge appears to have granted the State's application solely by virtue of defendant's admission that he caused the victim's broken nose.
In the future, we suggest that the State comply with N.J.S.A. 2C:43-7.2(e) and provide written notice to defendant of the ground it will urge to support the imposition of a NERA sentence.[2] The State should then introduce its evidence in support of its contention that a NERA sentence should be imposed. Defendant should then have the right to controvert the evidence against him as well as to offer other evidence upon the issue. N.J.S.A. 2C:43-7.2(e). The judge should make specific findings regarding the applicability of NERA. If the proceedings are conducted in that fashion, we are in a better position to review the judge's determination. Finally, the appendices should include anything that was introduced in evidence on the issue of the applicability of NERA. See R. 2:6-1(a)(1)(H). However, we are mindful of the fact that defendant did not object to the manner in which the proceedings before the sentencing judge were conducted. We must determine whether the failure to conduct the hearing contemplated by N.J.S.A. 2C:43-7.2(e) requires a remand.
In determining whether a remand is required, we note our concern that the record of the plea proceedings does not support a determination that defendant, in fact, caused serious bodily injury to the victim. Causing serious bodily injury to the victim is the statutory predicate upon which a claim of the applicability of NERA is based, as well as an essential element of the offense of second-degree aggravated assault.
In the absence of a factual basis, the trial judge may not accept a guilty plea. R. 3:9-2; State v. Butler, 89 N.J. 220, 224, 445 A.2d 399 (1982); State v. Taylor, 80 N.J. 353, 362, 403 A.2d 889 (1979). However, here, defendant conceded when his plea was entered that he did, in fact, cause serious bodily injury to the victim. NERA incorporates, by reference, the definition of serious bodily injury as defined in N.J.S.A. 2C:11-1(b). N.J.S.A. 2C:43-7.2(d). N.J.S.A. 2C:11-1(b) defines serious bodily injury as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ". The record is silent as to whether the victim sustained serious, permanent disfigurement, or protracted loss or impairment of his nose as a result of the attack. Moreover, the record is silent as to whether the broken nose created a substantial risk of death. Accordingly, we cannot conclude from this record whether the victim's broken nose met the statutory definition of serious bodily injury.
However, we again note that defendant asserts in his brief that he "does not challenge the validity of his guilty plea, and thus, his argument on appeal is limited to contesting the applicability of the No Early Release Act". That decision may have been motivated by the fact that the plea agreement is very favorable. Defendant had two prior indictable convictions and was therefore subject to the imposition of a discretionary extended term. N.J.S.A. 2C:44-3(a). In addition, the plea agreement called for the dismissal of two first-degree offenses, a fourth-degree offense, and also contemplated that defendant be given a concurrent sentence on an unrelated violation of probation. Had defendant been convicted of one of the first-degree offenses, he could have been sentenced to up to life in prison with twenty-five years to be served without parole. N.J.S.A. 2C:43-7(a)(2) and N.J.S.A. 2C:43-7(b). Yet, the plea agreement contemplated that defendant be sentenced to a presumptive *371 seven-year term on the second-degree charge to which he pleaded guilty. Given defendant's exposure to a far greater sentence had he been convicted of the offenses which were dismissed as part of the plea agreement, we can understand why he does not challenge the validity of his guilty plea.
Nevertheless, in another portion of his brief defendant argues that defense counsel "inexplicably appeared to concede... that defendant had caused serious bodily injury" but urged that there was "simply no support in the record for this concession". Defendant therefore argues that counsel's improvident concession did not absolve the trial court of its responsibility to determine whether the conditions for sentencing under NERA had been established. Ordinarily, we agree that counsel's improper concession does not relieve the trial court of its responsibility. State v. Pitts, 116 N.J. 580, 637, 562 A.2d 1320 (1989). The court, notwithstanding defense counsel's concession, had to satisfy itself that a factual basis for the plea had been entered. However, we conclude that defendant cannot, on appeal, concede the validity of his guilty plea which was necessarily predicated upon a conclusion that he caused serious bodily injury to the victim, yet, at the same time argue that for purposes of NERA the victim did not sustain serious bodily injury. Cf. State v. Meyer, 327 N.J.Super. 50, 742 A.2d 614 (App.Div. 2000), where defendant pled guilty to possession of a firearm but argued that the weapon was not a firearm for purposes of NERA. Either the victim sustained serious bodily injury which would support the factual basis for aggravated assault and the applicability of NERA, or he did not sustain serious bodily injury. If he did not sustain serious bodily injury then he did not provide an adequate factual basis to support the guilty plea and the question regarding the applicability of NERA becomes moot. However, we conclude that it would be inappropriate to vacate the guilty plea in light of the failure to give a factual basis, since that does not appear to be the relief defendant requests. On the other hand, we conclude that if defendant's guilty plea stands, he may not challenge the applicability of NERA on appeal by arguing that the victim did not sustain serious bodily injury, since his guilty plea was accepted based, in part, upon his concession that he did, in fact, cause the victim to suffer serious bodily injury. Defendant cannot have it both ways.
Accordingly, we affirm defendant's sentence without prejudice to his right to seek to withdraw his guilty plea. If he in fact files such a motion, and succeeds, his relief would be subject to the reinstatement of the dismissed counts.[3]State v. Barboza, 115 N.J. 415, 419-20, 558 A.2d 1303 (1989); State v. Kovack, supra, 91 N.J. at 476, 453 A.2d 521.
Affirmed.
NOTES
[1] This case was originally argued on the Oral Argument Sentencing Calendar of September 15, 1999, and was submitted on December 8, 1999, following the filing of briefs directed to the issues developed herein.
[2] There are exceptions, such as State v. Meyer, 327 N.J.Super. 50, 742 A.2d 614 (App.Div. 2000), where NERA's application and the basis therefor are acknowledged at the time of the plea.
[3] We express no opinion as to whether defendant is entitled to withdraw his guilty plea. That determination must initially be made by the trial court, if and when a motion is made, based upon the record that is developed when any motion that may be filed is heard.