863 A.2d 1092 (2005)
374 N.J. Super. 172
STATE of New Jersey, Plaintiff-Respondent,
v.
Ross J. MITCHELL, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted July 27, 2004.
Decided January 11, 2005.
*1093 Yvonne Smith Segars, Public Defender, attorney for appellant (Susan Brody, Assistant Deputy Public Defender, of counsel and on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Yvonne G. Maher, Deputy Attorney General, of counsel and on the brief).
Before Judges STERN, LINTNER and HOENS.
The opinion of the court was delivered by
HOENS, J.A.D.
Defendant Ross J. Mitchell appeals from his June 19, 2003 Judgment of Conviction. In particular, he challenges the 2003 conviction to the extent that it revoked his prior conviction of June 29, 2001, which had suspended imposition of sentence for a period of five years. We affirm.
The June 29, 2001 Judgment of Conviction was based on defendant's plea of guilty to one count of second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2. The facts to which defendant testified at the 2001 plea hearing are as follows. On December 18, 1998, defendant and Levar A. Burke, his co-defendant, were in Atlantic City. A young woman approached defendant and asked him if he knew where she could buy drugs. Defendant, aware that she had money for the purpose of making that purchase, directed her to Burke who then threatened her and took her money without giving her any drugs in exchange. Defendant testified that he hoped that he would receive some of the profits from the transaction in exchange for directing the victim to his co-defendant. In accordance with the plea agreement, the judge dismissed a second count of the indictment that had charged defendant with second-degree robbery, N.J.S.A. 2C:15-1, and suspended the imposition of sentence on the conspiracy count for a period of five years. Defendant did not file an appeal from that conviction or sentence.
Thereafter, both in 2001 and in 2002, defendant was charged with and entered pleas of guilty to numerous municipal offenses. In April 2003, based on these further convictions and an additional outstanding arrest warrant, the Probation Division filed a petition to revoke the June 2001 suspended sentence. At the June 19, 2003, hearing on the petition to revoke the earlier sentence, defendant conceded that he had entered guilty pleas to four disorderly persons offenses in municipal court and that he had failed to pay outstanding fines and penalties relating to his numerous convictions. He asserted that he had undergone a brain operation and that because of his resulting disability he had no income and was unable to pay the fines that had been imposed.
*1094 The judge noted that at the time of the imposition of the suspended sentence in June 2001, defendant was cautioned that if he violated the law during the five year period following that date, he would be subject not only to punishment for any new charges, but to a substantial period of incarceration for the June 2001 conspiracy conviction as well. The judge then granted the June 2003 petition to revoke the 2001 suspended sentence and imposed a prison sentence for the second-degree conspiracy count. In support of the sentence for conspiracy, the sentencing judge described defendant's violation of the conditions of his suspended sentence as "flagrant," based on his several additional convictions and his complete failure to make any payments toward the penalties and fines previously imposed. After weighing the aggravating and mitigating factors, the sentencing judge found that the aggravating factors outweighed the non-existent mitigating factors. He therefore imposed a six-year term, noting that it was "very close to the minimum" term in the applicable range for second-degree offenses.
On appeal[1] defendant raises the following argument:
POINT I
BECAUSE DEFENDANT DID NOT PROVIDE AN ADEQUATE FACTUAL BASIS FOR THE OFFENSE OF CONSPIRACY TO COMMIT ROBBERY, AND, MOREOVER, BECAUSE THE RECORD INDICATES THAT HIS MENTAL COMPETENCY WAS QUESTIONABLE, HIS CONVICTION AND SENTENCE MUST BE VACATED AND THE MATTER REMANDED FOR FURTHER PROCEEDINGS. (Not Raised Below)
We have considered this argument in light of the record and have concluded that defendant may not raise these issues in this appeal. We therefore affirm the June 19, 2003 Judgment of Conviction.
To the extent that defendant seeks in this appeal to challenge his conviction based on an asserted inadequacy in the factual basis for his guilty plea, it is untimely. See R. 2:4-1(a). The factual basis for the guilty plea was set forth on the record in open court on June 12, 2001. Any challenge to the adequacy of that factual basis was required to be raised by an application to the trial court to withdraw the guilty plea. See R. 3:21-1. Alternatively, defendant could have pursued an appeal within forty-five days of the date of that Judgment of Conviction. The fact that the judge in 2001 elected to suspend imposition of sentence did not make the 2001 Judgment of Conviction any less final and defendant's right to appeal from that conviction was unaffected by the suspension of the sentence. See R. 2:3-2; State v. Witte, 13 N.J. 598, 607, 100 A.2d 754 (1953), cert. denied, 347 U.S. 951, 74 S.Ct. 675, 98 L. Ed. 1097 (1954); Adamo v. McCorkle, 13 N.J. 561, 567, 100 A.2d 674 (1953), cert. denied, 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1080 (1954).
Defendant did not pursue either of these avenues for relief in 2001. Rather, he now seeks to attack his conviction by way of an appeal from the 2003 Judgment of Conviction, an avenue which is not available to him. The 2003 Judgment of Conviction simply revoked the suspension of the sentence for the earlier conviction, based on defendant's several intervening municipal offenses, and imposed a new sentence. An appeal from that new judgment, however, *1095 cannot be used to attack the adequacy of the factual basis for the original underlying Judgment of Conviction. See N.J.S.A. 2C:45-3(b); R. 3:21-7. More to the point, defendant cannot attack the sufficiency of the factual basis for his plea in the absence of an indication that he seeks to withdraw that negotiated plea and stand trial on all of the original charges against him. See, e.g., State v. Lasane, 371 N.J.Super. 151, 166, 852 A.2d 246 App.Div.2004); State v. Cheung, 328 N.J.Super. 368, 370, 746 A.2d 38 (App.Div.2000); State v. Staten, 327 N.J.Super. 349, 359-60, 743 A.2d 365 (App.Div.), certif. denied, 164 N.J. 561, 753 A.2d 1153 (2000). There being nothing in the record to reflect that defendant seeks to withdraw the plea through his attack on the adequacy of the factual basis, the issue is not properly before us.
Indeed, to the extent that defendant seeks redress based on his contention that the factual basis for his guilty plea in 2001 was inadequate or that his mental capacity to enter into a plea in 2001 was impaired, we note that defendant may do so through an appropriate application to the trial court, including through a petition for post-conviction relief. See State v. Lasane, supra, 371 N.J.Super. at 163-64, 852 A.2d 246; R. 3:22-2(a). We therefore decline to address either his attack on the factual basis for his 2001 guilty plea or his assertion concerning his mental capacity in 2001 in the context of this appeal.
Affirmed.
NOTES
[1] Defendant's appeal was first placed on the Sentencing Oral Argument Calendar and was heard on January 7, 2004. Following that hearing, by order dated January 15, 2004, the members of that panel returned the matter to the plenary calendar for briefing and consideration.