746 A.2d 38 (2000)
STATE of New Jersey, Plaintiff-Respondent,
v.
Andrew G. CHEUNG, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 26, 2000.
Decided February 14, 2000.
Ivelisse Torres, Public Defender, for defendant-appellant (Alison Perrone, Assistant Deputy Public Defender, of counsel and on the brief).
John J. Farmer, Jr., Attorney General, for plaintiff-respondent (Steven A. Yomtov, Deputy Attorney General, of counsel and on the brief).
Before Judges STERN and STEINBERG.
*39 The opinion of the court was delivered by STERN, P.J.A.D.
Defendant pled guilty to first-degree armed robbery and two counts of burglary. Defendant admitted his liability as an accomplice. Pursuant to a negotiated disposition, he was sentenced under N.J.S.A. 2C:44-1f(2) to an eight-year term in the custody of the Commissioner of Corrections for the armed robbery with 85% to be served before parole eligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2 ("NERA"), and to concurrent sentences on the burglaries. The balance of the indictment and other charges were dismissed.
On this appeal defendant argues that NERA "does not apply to unarmed accomplices" or to someone who uses or threatens the use of a BB gun during an armed robbery because a "BB gun is not a deadly weapon for purposes of [NERA]."
We express our reservation about the cognizability of this appeal. In pleading guilty, defendant acknowledged the application of NERA[1] and was sentenced thereunder. He now seeks to vacate the parole ineligibility term but "does not challenge the validity of his guilty plea." Thus, defendant's "argument on appeal is limited to contesting the applicability of the No Early Release Act" while seeking to maintain an eight-year, specific-term sentence that was recommended by the prosecutor based on the application of NERA.
If defendant prevails on the appeal, the State might have the right to withdraw its plea offer of eight years in these circumstances because the negotiated plea recommendation was expressly premised upon the imposition of an 85% parole ineligibility term, as defendant acknowledged. See State v. Meyer, 327 N.J.Super. 50, 53, 742 A.2d 614 (App.Div.2000) (distinguishing State v. Warren, 115 N.J. 433, 558 A.2d 1312 (1989), and State v. Spinks, 66 N.J. 568, 334 A.2d 23 (1975)); see also, e.g., State v. Pennington, 154 N.J. 344, 362-63, 712 A.2d 1133 (1998); State v. Barboza, 115 N.J. 415, 420-24, 558 A.2d 1303 (1989); cf. State v.. Gibson, 68 N.J. 499, 348 A.2d 769 (1975). Moreover, because the plea was to first-degree armed robbery there is at least the potential that, independent of the resurrection of the other charges, defendant could be worse off than he is under the negotiated plea with its recommended eight-year sentence, if he is convicted of the first-degree crime. We thus question whether defendant should be able to argue that NERA is not applicable in these circumstances without first making an application to the trial court to withdraw his plea or for other relief, at which time defendant can express his desire to so proceed notwithstanding the potential consequences. Cf. State v. Staten, 327 N.J.Super. 349, 743 A.2d 365 (App.Div. 2000); State v. S.C., 289 N.J.Super. 61, 72-74, 672 A.2d 1264 (App.Div.), (concurring opinion), certif. denied, 145 N.J. 373, 678 A.2d 714 (1996).
We need not pursue the question further, however, because we reject defendant's contentions on the merits by adhering to our opinions in State v. Meyer, supra, (finding that a pellet gun or BB gun is a "deadly weapon" for purposes of NERA), and State v. Rumblin, 326 N.J.Super. 296, 303, 741 A.2d 138 (App.Div.1999) (noting that an accomplice of a person committing a qualifying offense is subject to NERA). Accordingly, we affirm the judgment and sentence imposed. However, we remand to the Law Division to amend the judgment in three respects.
First, the judgment should reflect the five-year term of parole supervision mandated by NERA, N.J.S.A. 2C:43-7.2(c), which defendant challenged at the *40 trial level (but not before us) as "unconstitutional... double jeopardy." We add that, although the matter was downgraded for sentencing under N.J.S.A. 2C:44-1f(2), defendant was "sentenced for a crime of the first degree," N.J.S.A. 2C:43-7.2(c), thereby requiring a five-, not a three-, year period of supervision. Cf. State v. O'Connor, 105 N.J. 399, 404-05, 522 A.2d 423 (1987) (presumption of imprisonment applies to a downgrade from second-degree to third-degree crime for sentencing purposes); State v. Partusch, 214 N.J.Super. 473, 476-77, 519 A.2d 946 (App.Div.1987) (same); State v. Williams, 225 N.J.Super. 462, 464-65, 542 A.2d 964 (Law Div.1988) (imposing Drug Enforcement and Demand Reduction penalty for second degree crime notwithstanding downgrade to third degree for purposes of sentencing).
Additionally, the judgment should further reflect that the 85% ineligibility term applies only to the conviction for armed robbery to which it applies, N.J.S.A. 2C:43-7.2(a), and not to the convictions for burglary, which are not subject to NERA. Finally, while the 85% parole ineligibility term more than satisfies the mandatory parole ineligibility term required for a Graves Act offense, the judgment should reflect that the armed robbery was a Graves Act conviction so that the record is clear in the event defendant commits a second Graves Act offense, in which case a mandatory extended term is required. N.J.S.A. 2C:43-6c, -7c. Cf. State v. Martin, 209 N.J.Super. 473, 481, 507 A.2d 1179 (App.Div.1986), rev'd on other grounds, 110 N.J. 10, 538 A.2d 1229 (1988).
Affirmed and remanded for correction of the judgment.
NOTES
[1] The "No Early Release Act Supplementary Plea Form" was not used, but the judge asked defendant personally about his custodial exposure under NERA. However, no questions were asked orally or on the form which was used regarding the period of parole supervision, but defendant does not now challenge the required parole supervision if NERA otherwise applies.