766 A.2d 1203 (2001)
337 N.J. Super. 324
STATE of New Jersey, Plaintiff-Respondent,
v.
Thomas REARDON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 2000.
Decided February 23, 2001.
Mario J. D'Alfonso, Haddon Heights, argued the cause for appellant (D'Alfonso and Camacho, attorneys; Mr. D'Alfonso, on the brief).
Jack L. Weinberg, Assistant Camden County Prosecutor, argued the cause for respondent (Lee A. Solomon, Camden County Prosecutor, attorney; Mr. Weinberg, of counsel and on the brief).
Before Judges SKILLMAN and LESEMANN.
The opinion of the court was delivered by LESEMANN, J.A.D.
Defendant was indicted for first degree armed robbery, N.J.S.A. 2C:15-1, together with five other charges for allegedly employing a knife to force his way into a home and rob its occupants. He pleaded guilty pursuant to an agreement by which the first degree armed robbery charge was to be reduced to second degree robbery, the other charges were to be dismissed, and he would be sentenced to not more than five years in prison. However, based *1204 on defendant's use of the knife during the robbery, the plea agreement provided that defendant would also be subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.
Defendant now appeals from the sentence imposed pursuant to that agreement, after the trial court had denied his motion to withdraw his plea.[1] He submits three arguments.
First, defendant says that when he entered the plea agreement, he did not understand that he would be subject to NERA; second, he says NERA cannot lawfully be applied to his sentence; and third, he claims that the attorney representing him during the plea proceeding was guilty of a conflict of interest because that attorney and another attorney representing a co-defendant were employed by the same public defender office. We find no merit in any of the arguments, and thus we affirm.
Initially, we note that defendant does not ask us to set aside his plea agreement and permit him to go to trial. That trial, of course, would be on a charge of first degree armed robbery, with exposure to a possible ten to twenty year prison sentence, N.J.S.A. 2C:43-6a(1), including possible NERA application as well. Rather, defendant makes the extraordinary request that we enforce the plea agreement selectively. He asks that we simply delete the NERA aspect of the sentence and require the State (and the trial court) to accept those portions of the agreement which defendant now finds acceptable: a reduction to second degree robbery and a maximum sentence of five years imprisonment. We see no rational basis why defendant should be entitled to that relief, even if we were to conclude that there is some reason to set aside the plea agreement. Were defendant to prevail in his claim that the plea agreement was in some way improper or invalid, the most he would obtain would be an order setting aside the plea agreement and giving him the "right" to proceed to trial on a charge of first degree robbery. Since defense counsel advised at oral argument that, given the time defendant has already spent in prison, he would not accept that alternative but would rather simply complete his present sentence, it is clear that on that basis alone, defendant's appeal must be rejected.
Beyond that, however, we find no merit in the appeal. In accepting the plea, Judge Rosenzweig was meticulous in ascertaining that defendant clearly understood that he would be subject to NERA and that he would be required to serve eighty-five percent of the five year sentence to be imposed upon him. To be sure of that understanding, she even used specific time references to emphasize and clarify the point:
(THE COURT): Do you understand that in return for that plea of guilty to that [second degree robbery] and in return for that particular factual statement you're going to have to serve 85 percent of the five-year sentence without parole eligibility?
A. Yes, ma'am.
Q. Which would mean four years and three months approximately?
A. Including my time served here, correct?
Q. Correct. The time you've been held on this charge will be applied towards that. If you served three months already, you'll be left with only four years.
A. Yes, ma'am.

* * * *
Q. Let me review the plea agreement with you and then I'm going to be asking you if this is your understanding of it.

*1205 You're pleading guilty to second-degree robbery. There is no allegation that you inflicted serious bodily injury and ordinarily second-degree robbery does not include a requirement of a deadly weapon, but I gather from discovery that a deadly weapon was involved.
The prosecutor has agreed to amend the indictment, as I understand it, to allow you to be sentenced within the second-degree range and you in return for that have agreed to 85 percent sentence. You understand all that?
A. Yes, ma'am.
Q. So the sentence would be five years in New Jersey State Prison of which 85 percent is to be served without parole eligibility....
It is difficult to see how the judge could have been clearer or more explicit in setting out the NERA requirement. The claim that defendant did not understand that provision is not credible.
Defendant's second argument relies in part on this court's recent decision in State v. Mosley, 335 N.J.Super. 144, 761 A.2d 130 (App.Div.2000). However, we do not read Mosley as supporting defendant's argument.
In Mosley, the defendant was charged with first degree aggravated sexual assault under N.J.S.A. 2C:14-2a(1), based on sexual penetration of a minor under thirteen years of age. While aggravated sexual assault can also consist of an act of violence, the charge against defendant contained no such allegation, but was characterized as a first degree offense because of the age of the victim. The plea agreement called for the trial judge to determine, at a hearing to be held at the time of sentencing, whether NERA applied. At that hearing, the court heard testimony from the victim supporting the State's claim that the crime did involve violence. It also heard contrary testimony from the defendant. The court then decided, based on a preponderance of the evidence, that violence had been employed and that NERA was applicable. It sentenced the defendant accordingly. This court reversed, holding that,
an absolute prerequisite to NERA sentencing is defendant's conviction, either by a jury or by a guilty plea, of a crime one of whose elements is a counterpart to or inclusive of a NERA predicate fact. That element cannot be initially supplied after conviction by proofs submitted to the judge for preponderance-of-the-evidence fact-finding in a post-conviction hearing. And if defendant pleads guilty, the plea must also be to such a crime.

[Id. at 159, 761 A.2d 130.]
Mosley was decided shortly after the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). That decision invalidated this State's so-called "hate crime law," N.J.S.A. 2C:44-3(e), because it permitted a judge (rather than a jury) to decide the existence of an element of the crime charged against the defendant, and also permitted that decision to be made by a preponderance of the evidence rather than by the required criminal standard of proof beyond a reasonable doubt. In Mosley, however, the court noted that Apprendi drew "a clear distinction, in constitutional terms, between a statute that permits a judge to find a fact not submitted to the jury for purposes of enhancing a sentence within the statutory maximum for the crime of which defendant has been convicted and such fact-finding for purposes of enhancing a sentence beyond the statutory maximum." Mosley, supra, 335 N.J.Super. at 149, 761 A.2d 130. The court concluded, therefore, that "because a NERA sentence is within the statutory limits prescribed for the crime," the Apprendi holding "does not strictly apply here." Ibid. Nevertheless, the court concluded that the kind of hearing that had been held in Mosley was neither permitted by the NERA statute nor did it comply with constitutional guarantees:
[W]e are satisfied that the kind of hearing held here, which we believe to have been beyond the legislative contemplationa *1206 hearing at which witnesses testified respecting elements of a crime and the judge's decision was based on a preponderance of the evidenceso clearly erodes the constitutional guarantees of trial by jury and due process of law as to be constitutionally untenable.
Ibid.
In this case, of course, there was no need for such hearing, because defendant admitted the critical fact implicating NERA: his use of a knife in committing the robbery with which he was charged. There was no dispute as to what happened, there was no evidentiary hearing comparable to that in Mosley, and the court was not required to make any findings of fact beyond accepting the statements made by defendant as the factual basis for his plea.
Defendant's argument that NERA cannot be applied to him is anomalous. The charge in the indictment was first degree robbery and there is no question that the factual foundation delivered by defendant at the plea proceeding warranted an indictment for and a plea to first degree robbery. Defendant unequivocally acknowledged his use of a knife as a weapon in committing the robbery. Thus, had the plea agreement been precisely as it was, but with defendant pleading to first degree rather than second degree robbery, there would be no basis for any argument as to the propriety of NERA application. It is only by reason of the reduction from first to second degree robberyobviously a benefit to defendant and not to the Statethat defendant has any basis to argue that Mosley invalidates the procedure followed here.
We do not regard Mosley as imposing any such ironclad rule. We do not believe that decision would invalidate a plea agreement which is in all respects valid and enforceable simply because it includes an added benefit for defendant by permitting him to plead to a lesser charge. When a defendant has been indicted for a NERA-eligible offense, and then, in setting out the facts underlying a guilty plea he acknowledges the existence of a "NERA predicate fact," there is no reason why he should be shielded from a NERA sentence simply because of what amounts to the State's largesse. Nothing in Mosley or in Apprendi or any other case of which we are aware would compel such an irrational result. There was no error in the court's imposing a NERA sentence on defendant.
Finally, we note that defendant's allegation of conflict of interest is not supported by anything in the record. Defendant speculates as to what may have happened with his co-defendant who may or may not have been represented by an attorney from the same public defender office as his attorney. There are no facts presented and thus no reason to find any conflict of interest based on what has been presented here.
Affirmed.
NOTES
[1] There is some confusion as to precisely when the trial court denied defendant's motion. Counsel have not been able to locate a transcript of that proceeding. However, both sides agree that the motion was denied and, while we would prefer a transcript of the trial court's decision in that regard, we do not find it a prerequisite to our deciding this appeal.