768 A.2d 1062 (2001)
338 N.J. Super. 317
STATE of New Jersey, Plaintiff-Respondent,
v.
Richard HERNANDEZ, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 2001.
Decided March 19, 2001.
*1063 Donald Horowitz, Hackensack, argued the cause for appellant (Mr. Horowitz and Kelly L. Berton, on the brief).
Julie A. Higgs, Deputy Attorney General, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Ms. Higgs, of counsel and on the brief).
Before Judges STERN and FALL.
The opinion of the court was delivered by STERN, P.J.A.D.
Defendant entered into a negotiated plea to an accusation charging first degree armed robbery, N.J.S.A. 2C:15-1, and two other offenses, in exchange for the dismissal of other charges, downgrade of the armed robbery for purposes of sentencing (with a maximum seven-year custodial term), and application of the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. He subsequently pled guilty to obstruction of justice, N.J.S.A. 2C:29-1, on a separate occasion in exchange for a recommended concurrent sentence. Defendant was sentenced to six years in the custody of the Department of Corrections, with 85% to be served before parole eligibility on the armed robbery,[1] and to concurrent sentences.[2] On this appeal, defendant argues that the guilty plea to obstructing justice lacked a factual basis; the trial judge did not follow the sentencing guidelines in sentencing defendant; the finding of aggravating factors was not based on competent credible evidence; and "defendant was deprived of his constitutional right to counsel both at the plea and sentencing stages of his criminal proceeding and, therefore,] his sentence must be vacated and remanded to the trial court." *1064 With respect to the last point, defendant specifically contends that his trial counsel "should never have conceded that NERA applied."
The prosecutor detailed the original plea agreement as follows:
The defendantit is the State's understanding the defendant will retract his previously entered plea of not guilty and plead guilty to counts one, two and three of the accusation. At the time of sentencing the State will recommend that the defendant be sentenced as a second degree offender and will further recommend the defendant be sentenced to seven years in New Jersey State Prison. Nothe No Early Release Act does apply to count one of this accusation. Therefore, the defendant will be required to serve eighty-five percent of the sentence that he receives.
The other conditions of the plea are that the defendant give a truthful factual basis under oath and that he testify against the juvenile co-defendant, [T.H.], in juvenile court.
At the time of sentencing the State will move to dismiss the remaining counts and complaints involved in these two incidents.
The defendant also agrees to make restitution in the amount of eight hundred dollars to the victim Andrew Thiele for property that was taken from him during the course of the robbery.
At the plea proceedings, defendant acknowledged that he signed the plea form which included the "Supplemental Plea Form for No Early Release Act Cases." The plea colloquy also included the following:
THE COURT: Of course the plea agreement says seven years flat. I don't see anything with a stip as they call it. So there's a seven year period but there's no mandatory period of parole ineligibility. Do you understand that, sir?
MR. HERNANDEZ: Yes.
THE COURT: Do you also understand the charges to which you are pleading guilty carry a mandatory period of parole ineligibility but not a mandatory extended term? That is, since it is under the eighty-five percent rule I'll get to that in a momentyou will have to serve eighty-five percent of whatever you are sentenced to on this charge. Do you understand that, sir?
MR. HERNANDEZ: Yes.
THE COURT: Do you also understand the crime to which you are pleading guilty, at least the first and second count are first and second degree crimes so they contain a presumption of imprisonment which means it is almost certain that you are going to State Prison? Do you understand that sir?[3]
MR. HERNANDEZ: Yes.
....
THE COURT: And do you understand because of your guilty plea, which is theft with injury, which makes it robbery, you will be required to serve eighty-five percent of the sentence imposed for that offense before you become eligible for parole?
MR. HERNANDEZ: Yes.
A lengthy discussion then followed between counsel and the court concerning completion of the NERA Supplementary Plea Form after which defendant initialed question 2(b) of the form which reads as follows:
Do you understand that by pleading guilty to these charges, the minimum mandatory period of parole ineligibility is 5 years and 11 months (fill in the number of years/months) and the maximum period of parole ineligibility can be *1065 ___years and ___months (fill in number of years/months) and this period cannot be reduced by good time, work or minimum custody credits?
In his factual basis for the plea, defendant acknowledged that he and another male stole the victim's black leather coat and jewelry as part of a conspiracy directed by T.H. and that he "struck" the victim "[b]ehind his head on his neck" with a baseball bat.
Before us, defendant asserts that his factual basis does not admit enough to justify a NERA sentence. He skillfully seeks to maintain the negotiated plea and downgrade for sentencing purposes, see N.J.S.A. 2C:44-1f(2), but to vacate the NERA ineligibility term. His effort is like running through a minefield. While we disagree with his contentions, and conclude that the admitted elements of armed robbery with a baseball bat (which defendant stated that he used to strike the victim on his neck) satisfies the definition of "violent crime" under N.J.S.A. 2C:43-7.2d, cf. State v. Johnson, 166 N.J. 523, 545-47, 766 A.2d 1126 (2001) (trial proofs sufficed for purposes of NERA),[4] we add that defendant should not be able to both obtain the benefit of the negotiated downgrade premised on the application of NERA and yet repudiate the NERA sentence. See State v. Cheung, 328 N.J.Super. 368, 370, 746 A.2d 38 (App.Div.2000); State v. Meyer, 327 N.J.Super. 50, 55 n. 4, 742 A.2d 614 (App.Div.2000), certif. denied, 164 N.J. 191, 752 A.2d 1292 (2000). See also State v. Reardon, 337 N.J.Super. 324, 325-27, 766 A.2d 1203 (App.Div.2001) (reduction to second degree robbery premised on application of NERA). Cases which do not involve defendant's acknowledgment of the application of NERA, or the factor warranting a NERA sentence, as part of a negotiated plea are distinguishable. See, e.g., State v. Johnson, supra, (jury to decide NERA issue); State v. Thomas, 166 N.J. 560, 573-74, 767 A.2d 459 (2001) (NERA issue contested at time of plea; independent proof must be presented in a manner consistent with Johnson, when NERA factor is not element of the offense). Compare State v. Rumblin, 166 N.J. 550, 766 A.2d 1141 (2001) (factual basis sufficient; NERA sentence upheld). The guilty plea suffices for NERA purposes when the elements of the offense provide the NERA factor or factors, see State v. Thomas, supra, 166 N.J. at 573-74, 767 A.2d 459; see also State v. Rumblin, supra; State v. Meyer, supra, or when the defendant's factual basis satisfies NERA. In this case the factual basis for defendant's plea acknowledged the NERA factors.[5]
Here defendant does not want to vacate the negotiated plea to first degree robbery to be sentenced as a second degree offender, and he cannot "concede the validity of his guilty plea" but attack the basis for the application of NERA. State v. Staten, 327 N.J.Super. 349, 359, 743 A.2d 365 (App.Div.), certif. denied, 164 N.J. 561, 753 A.2d 1153 (2000). We will not preclude a defendant who acknowledged the application of NERA at the time of plea from arguing that the factual basis for his plea is insufficient to permit a NERA sentence. *1066 A question of sentence legality is involved. See State v. Meyer, supra, 327 N.J.Super. at 55, 742 A.2d 614. However, in our view, where application of NERA has been acknowledged at the time of a negotiated plea, the defendant must first make an application in the trial court to vacate the plea. In this way, the record will be clear that he understands that a successful attack on the sentence means that all charges may be resurrected. See State v. Cheung, supra, 328 N.J.Super. at 370, 746 A.2d 38.
Defendant also claims that the six-year sentence was excessive and particularly so because the judge considered the obstruction of justice conviction as an aggravating factor. He further argues that the obstructing conviction must be vacated in the absence of an adequate factual basis, thus requiring a new sentence on the armed robbery.
Defendant stated in entering his guilty plea that the police "wouldn't let me go in my house" while arresting his brother and directed him to leave the area. Defendant acknowledged that he continued to curse at the police, did not leave the area, and did not follow the instructions from the police. While it would have been preferable if the plea judge expressly asked defendant, as the prosecutor suggested, whether defendant "interfered with the police while they [were] arresting his brother," we are satisfiedas was the judgethat there was an adequate factual basis. This is so particularly in light of the colloquy following the prosecutor's comment:
THE COURT: Well, he did say they were arresting him and hewas trying to getget to his brother, and they told him to leave and he wouldn't leave.
THE DEFENDANT: Right.
Moreover, we find no basis for disturbing the six year sentence on the first degree armed robbery conviction. See State v. Balfour, 135 N.J. 30, 39-41, 637 A.2d 1249 (1994).
Finally, this recordwith the negotiated disposition involveddoes not support defendant's claim that he did not obtain the effective assistance of counsel.
Affirmed.
NOTES
[1] The judgment provides for a "61.20 month stip." We urge trial judges to detail the length of a NERA ineligibility term in terms of years, months and days to avoid any problem long after the time of sentencing.
[2] The judgment provides that NERA applies to the fourth degree obstruction of justice charge. We direct that it be vacated. See N.J.S.A. 2C:43-7.2.
[3] The first quoted question was inappropriate in this case. We do not address whether the presumption of imprisonment, N.J.S.A. 2C:44-1d, can be overcome in extraordinary circumstances in a NERA case. See N.J.S.A. 2C:43-7.2a; see also, e.g., State v. Jabbour, 118 N.J. 1, 7-8, 570 A.2d 391 (1990).
[4] Count one of the accusation alleged that defendant inflicted "bodily injury" during a theft "by use of a deadly weapon." See N.J.S.A. 2C:15-1a, b. While the definition of "deadly weapon" in N.J.S.A. 2C:43-7.2d does not include the final phrase of N.J.S.A. 2C:11-1c which applies to a chapter 15 robbery, defendant also pled guilty to count two of the accusation charging possession of the baseball bat "with the purpose to use it unlawfully against the person or property of another, contrary to the provisions of N.J.S.A. 2C:39-4(d)." He thus acknowledged that the baseball bat was, in fact, a real "weapon," and not merely one that satisfies the last phrase of N.J.S.A.2C:11-1c. As noted above, defendant does not want to repudiate the guilty pleas to these offenses.
[5] This is not a case in which defendant merely acknowledged that the sentencing court might find NERA to be applicable. Nor is it a case in which defendant acknowledged the application of NERA without providing a factual basis for its application.