NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3984-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SANDRA NOLLEY,

 Defendant-Appellant.

_______________________________

 Submitted March 14, 2017 – Decided July 14, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Camden County, Municipal
 Appeal No. A-34-15.

 Stern & Eisenberg, PC, attorneys for appellant
 (Evan Barenbaum, on the brief).

 Mary Eva Colalillo, Camden County Prosecutor,
 attorney for respondent (Maura Murphy Sullivan,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant Sandra Nolley appeals from an April 7, 2016 Law

Division order denying her municipal appeal and convicting her de
novo of obstructing the administration of law or other governmental

function, N.J.S.A. 2C:29-1, a disorderly persons offense.

 On appeal, defendant argues:

 DEFENDANT DID NOT COMMIT A VIOLATION
 OF OBSTRUCTION OF ADMINISTRATIVE
 LAW OR OTHER GOVERNMENTAL FUNCTION.

 According to defendant, the evidence adduced at trial did not

support her conviction. She claims there was no evidence that she

engaged in any criminal conduct; rather, she merely refused to

provide police officers with her identification, which is not a

crime. She also claims that the State presented no evidence

"substantiating that [she] engage[d] in 'means of flight,

intimidation, force, violence, or physical interference or

obstacle' that would satisfy the components of the obstruction

charge. N.J.S.A. 2C:29-1(a). The State argues we should affirm,

as "the refusal to leave a scene when ordered to do so by police

is a physical act that violates the obstruction statute."

 We have reviewed the parties' contentions in light of our

review of the record and applicable legal principles. We reverse.

 At the municipal trial, Officer Matthew Olivieri testified

that on May 23, 2015, at approximately 1:20 a.m. he responded to

a call from Chris VanSciver to "remove an unwanted female" from

an apartment. Upon arriving at the apartment, they were met by

the caller, who invited them to come in. On entering, the officer

 2 A-3984-15T1
found defendant in the living room, and was informed that Chris's1

father, Lester VanSciver, was asleep in another room. Olivieri

testified that "at that point, [he] advised [defendant] that

[Chris] did not want her there and asked her to leave several

times." Defendant told the officers she was there to visit Lester.

The officer asked for identification from defendant, which she

refused to produce. Olivieri stated defendant recited the slogan

"Hands up. Don't shoot" and that when she continued to refuse to

leave the apartment or provide identification, he placed her under

arrest for obstruction.

 Defendant testified that she was in the apartment to visit

Lester, who was going to help repair her car. She stated it was

Lester's apartment, not Chris's, and she did not know why Chris

called the police.

 The municipal court judge found defendant guilty of

obstruction and fined her $750 plus costs. Defendant appealed to

the Law Division. The judge who considered the appeal, conducted

a trial de novo on the record and also found defendant guilty of

obstruction, but reduced the fine to $250. The judge stated that

she was satisfied that the State proved all the elements of the

offense and that defendant's repeated refusal to leave the

1
 To avoid confusion between Chris VanSciver and his father,
Lester VanSciver, they are referred to by first name.

 3 A-3984-15T1
apartment "constitute[d] . . . physical interference and

obstruction in violation of [N.J.S.A.] 2C:29-1."

 We begin our review by acknowledging it is limited. We are

bound to uphold the Law Division's findings if supported by

sufficient credible evidence in the record. State v. Reece, 222

N.J. 154, 166 (2015). "Our review of the factual record is . . .

limited to determining whether there is sufficient credible

evidence in the record to support the Law Division judge's

findings." State v. Powers, 448 N.J. Super. 69, 72 (2016) (citing

State v. Johnson, 42 N.J. 146, 161-62 (1964)). Only if the Law

Division's decision was so clearly mistaken or unwarranted "that

the interests of justice demand intervention and correction," can

we review the record "as if [we] were deciding the matter at

inception and make [our] own findings and conclusions." Johnson,

supra, 42 N.J. at 162; see also State v. Kuropchak, 221 N.J. 368,

383 (2015). But, like the Law Division, we are in no position to

"weigh the evidence, assess the credibility of witnesses, or make

conclusions about the evidence," and should therefore defer to the

municipal court's credibility findings. State v. Barone, 147 N.J.

599, 615 (1997); State v. Cerefice, 335 N.J. Super. 374, 383 (App.

Div. 2000). However, "a reviewing court owes no deference to the

trial court in deciding matters of law." State v. Mann, 203 N.J.

328, 337 (2010).

 4 A-3984-15T1
 With our limited standard of review in mind, we turn to the

statute which defendant was convicted of violating. N.J.S.A.

2C:29-1, obstructing administration of law or other governmental

function, provides:

 A person commits an offense if he purposely
 obstructs, impairs or perverts the
 administration of law or other governmental
 function or prevents or attempts to prevent a
 public servant from lawfully performing an
 official function by means of flight,
 intimidation, force, violence, or physical
 interference or obstacle, or by means of any
 independently unlawful act. This section does
 not apply to failure to perform a legal duty
 other than an official duty, or any other
 means of avoiding compliance with law without
 affirmative interference with governmental
 functions.

 [N.J.S.A. 2C:29-1(a) (emphasis added).]

 "The purpose of this statute is 'to prohibit a broad range

of behavior designed to impede or defeat the lawful operation of

government,'" and confines its limits to "(1) violent or physical

interference, [or] (2) other acts which are 'unlawful'

independently of the purpose to obstruct the government." State

v. Camillo, 382 N.J. Super. 113, 116-17 (App. Div. 2005) (quoting

Final Report of the New Jersey Criminal Law Revision Commission,

Vol. II, 1971, at 280). Under the statute, "not just any

interference with the administration of law constitutes the

criminal act of obstruction." Id. at 118.

 5 A-3984-15T1
 Simply obstructing, impairing or perverting
 the administration of law or the governmental
 function is no longer a statutory violation;
 the obstruction must be carried out in a
 manner described in the statute: "by means of
 flight, intimidation, force, violence, or
 physical interference or obstacle, or by means
 of any independently unlawful act." N.J.S.A.
 2C:29-1.

 [Ibid. (emphasis added).]

 In determining whether a defendant violated the statute, a

court should not "loosely interpret what it means" to violate a

criminal statute in order to find defendant guilty of "an

independently unlawful act," pursuant to N.J.S.A. 2C:29-1.

Powers, supra, 448 N.J. Super. at 76.

 Applying these guiding principles, the record here is devoid

of any indication that defendant obstructed within the meaning of

the statute. There was no finding made that defendant was guilty

of an independently unlawful act, such as trespass, and defendant's

mere refusal to leave the apartment or provide identification did

not rise to the level of physical interference when defendant was

seemingly on the premises lawfully. See Camillo, supra, 382 N.J.

Super. at 115, 118. Further, contrary to the State's argument,

defendant's failure to turn over her identification or leave the

apartment was not the equivalent of a defendant's failure to leave

a scene while officers try to effectuate an arrest. See State v.

Hernandez, 338 N.J. Super. 317, 323-24 (App. Div. 2001). There

 6 A-3984-15T1
was simply no aspect of defendant's conduct that violated the

statute.

 Reversed and remanded for entry of an order vacating

defendant's conviction. We do not retain jurisdiction.

 7 A-3984-15T1