**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0733-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLOS RODRIGUEZ,
a/k/a KING FUTURE, NOEL
RODRIGUEZ, and NOEL
RODRIQUEZ,

    Defendant-Appellant.

_____

Submitted December 16, 2019 – Decided January 15, 2020

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-07-0123.

Carlos Rodriguez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Evgeniya Sitnikova, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

After defendant pled guilty to first-degree racketeering contrary to N.J.S.A. 2C:41-2(c), he was sentenced in accordance with his plea agreement to an eight-year term of imprisonment with an eighty-five percent period of parole ineligibility consistent with the No Early Release Act (NERA), N.J.S.A. 2C:43–7.2. In his pro se appeal, defendant argues:

> POINT I
>
> THE PLEA NEGOTIATED BY THE DEFENDANT IS ILLEGAL IN ITS PRESENT FORM AND SHOULD BE VACATED TO ALLOW DEFENDANT TO RECEIVE THE INTENDED PUNISHMENT UNDER THE ORIGINAL AGREEMENT AS SECOND[-]DEGREE RACKETEERING.
>
> POINT II
>
> THERE WAS NO ADEQUATE FACTUAL BASIS FOR THE IMPOSITION OF NERA APPLICATION IN THE CASE AT BAR.

After considering these contentions against the record on appeal and the applicable legal principles, we conclude defendant's arguments are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We accordingly affirm defendant's conviction and sentence and add the following comments.

Defendant and multiple co-defendants were charged in a sixty-five count indictment that detailed their extensive and elaborate participation in the

distribution of controlled dangerous substances (CDS). Defendant was specifically charged with first-degree racketeering, second-degree conspiracy to maintain and operate a CDS production facility, first-degree maintaining or operating a CDS production facility, third-degree manufacturing/distribution of CDS or intent to manufacture/distribute CDS, third-degree possession of CDS, second-degree possession of a firearm while committing a CDS crime, fourth-degree possession of a defaced firearm, third-degree money laundering, third-degree distribution of CDS near school property, second-degree conspiracy to commit robbery, third-degree aggravated assault with a deadly weapon, third-degree criminal restraint, third-degree conspiracy to commit aggravated assault, third-degree aggravated assault, and second-degree certain persons not to possess weapons.

As noted, defendant pled guilty to first-degree racketeering. In exchange for his guilty plea, the State recommended a sentence in the second-degree range, specifically, eight years with an eighty-five percent period of parole ineligibility. The written plea offer provided:

> The State is offering Mr. Rodriguez the opportunity to plead to Count 1 of the Indictment, charging [r]acketeering in the 1st Degree, to be sentenced in the 2nd Degree range. At the time of sentencing, the State would recommend 8 years New Jersey State Prison, with 85% parole ineligibility, as 1st Degree

3

> Racketeering is a NERA offense pursuant to N.J.S.A. 2C:43-7.2. This offer is contingent on the pleas of [co-defendants]. The State retains the right to revoke the plea if co-defendants do not plead guilty or are otherwise resolved.

At the plea hearing, the State placed the aforementioned offer on the record. Defendant acknowledged that he understood the offer, and that he knowingly and voluntarily elected to plead guilty to first-degree racketeering because he was guilty.

Defendant also provided a factual basis for the plea. In this regard, he admitted that while living in an apartment building in Newark, and acting as its superintendent, he permitted co-defendants to store narcotics and weapons in the building which was used as "a facility . . . by the 'enterprise' to run the operation . . . ." He further admitted that "in addition to drugs being sold out of th[e] building and distributed, the guns were used to protect the territory." He affirmed the referenced "enterprise" was the Almighty Latin King and Queen Nation organization. Defendant acknowledged that his role in the enterprise also included distributing CDS for profit.

At sentencing, the court found aggravating factors three, six, and nine and no mitigating factors, and sentenced defendant consistent with the plea agreement to eight years in state prison with an eighty-five percent period of

parole ineligibility, to run concurrent with a sentence defendant was serving at that time. The court also awarded defendant the appropriate jail and gap-time credits. Finally, the court granted the State's application and dismissed the remaining counts of the indictment.

In his first point on appeal, defendant appears to contest the period of NERA ineligibility mandated by his sentence claiming a NERA parole ineligibility period applies only to first-degree racketeering, and he pled guilty to a second-degree offense. As the record of the plea negotiations and transcripts from the plea and sentencing hearings make clear, however, defendant pled guilty to first-degree racketeering as charged in the indictment. The court dismissed the remaining counts of the indictment and sentenced defendant within the range of a second-degree offense.[1]

We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). "[A]ppellate courts are

---

[1] We note that within defendant's first point he also contends that he "submitted a memorandum referencing the inapplicability of NERA . . . as it [related] to the plea and its legality." He further maintains that when he "appeared for sentencing, [his] attorney stated he would not present the issues to the court and instructed [him] not to talk to the judge." Defendant does not argue in his merits brief, however, that his counsel's representation was ineffective. Any such claims, to the extent defendant intends to assert them, should be made in the first instance in a separate petition for post-conviction relief.

cautioned not to substitute their judgment for those of our sentencing courts."

State v. Case, 220 N.J. 49, 65 (2014). (citations omitted).  As directed by the

Fuentes court, we must determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [217 N.J. at 70 (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

Applying these factors, we are satisfied that defendant's sentence was

entirely appropriate.  Defendant's eight-year custodial term was consistent with

the sentencing guidelines and was well within the court's discretion. Defendant's

argument that his sentence was improper as it imposed a mandatory period of

NERA parole ineligibility rests on the misapprehension that he pled guilty to a

second-degree offense.  He did not.  He clearly pled guilty to first-degree

racketeering and, accordingly, an appropriate NERA period was applied.  See

N.J.S.A. 2C:43-7.2(d)(18).  The sentence was consistent with the State's offer,

and the clear statements by the plea and sentencing courts, which defendant

acknowledged, and to which he raised no objection.[2]  Defendant received an extremely favorable sentence, considering he pled guilty to a first-degree offense.  He also received a dismissal of the remaining charges against him.

In his second point, defendant appears to claim that his factual basis was insufficient to support the first-degree charge and the attendant NERA sentence. He specifically maintains the "sentencing transcript . . . makes no mention of any crimes of violence, or acts subjecting defendant to NERA."  We disagree.

A judge must determine that there is "a factual basis for the [guilty] plea." R. 3:9-2.  The factual basis for the plea can be established in either of two ways: "defendant may either explicitly admit guilt with respect to the elements or may 'acknowledge [underlying] facts constituting the essential elements of the crime.'"  Campfield, 213 N.J. at 231 (citation omitted); see also State v. Gregory, 220 N.J. 413, 419–20 (2015) ("The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgement of the underlying facts constituting essential elements of the

---

[2] When a defendant acknowledges in a plea agreement that NERA is applicable, he typically cannot later challenge its applicability without first moving to vacate the plea.  State v. Hernandez, 338 N.J. Super. 317, 323 (App.Div.2001). Although it is clear from the record that defendant acknowledged the applicability of NERA, he did not move to vacate his plea prior to challenging his NERA sentence on appeal.  Based on the clarity of the record on the issues under review, we nevertheless decide to address the merits of his claim.

crime."). As the Supreme Court stated in State v. Sainz, 107 N.J. 283 (1987), "[t]he essential thing is that the defendant is in fact guilty of the crime for which he is being sentenced." Id. at 292.

We are satisfied that defendant voluntarily and knowingly pled guilty and provided the court with an adequate factual basis for his plea to first-degree racketeering, an offense specifically subject to NERA. As noted, defendant admitted his guilt and that as superintendent of his building, he stored drugs and guns in the building which was used as "a facility . . . by the 'enterprise' to run the operation . . . ." He further admitted that "in addition to drugs being sold out of th[e] building and distributed, the guns were used to protect the territory." He confirmed the referenced "enterprise" was the Almighty Latin King and Queen Nation organization and that his role in the enterprise included distributing CDS for profit. Those facts, particularly that firearms were involved in the racketeering activity, along with defendant's clear statements that his plea was knowing and voluntary, provided a sufficient basis for the court to accept defendant's guilty plea to first-degree racketeering. See N.J.S.A 2C:41-2(c); N.J.S.A. 2C:41-1(a) to (d); N.J.S.A. 2C:41-3 ("Any person who violates any provision of N.J.S.A. 2C:41-2 in connection with a pattern of racketeering activity which involves a crime of violence, a crime of the first

degree, or the use of firearms shall be guilty of a crime of the first degree . . . .").

Finally, defendant states, in conclusory fashion, that he believed his "exposure when sentenced would be in line with [his] co-defendants who had similar prior criminal records . . . [and] [t]hey were not subject to NERA restrictions." As there is no support in the record for defendant's apparent disparate sentencing argument, we conclude it is without legal or factual merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION